Douglas J. Campion (State Bar No. 75381)
Doug@DJCampion.com
**LAW OFFICES OF DOUGLAS J. CAMPION**
409 Camino Del Rio South, Suite 303
San Diego, CA  92108
Telephone: (619) 299-2091
Facsimile:  (619) 858-0034

Daniel G. Shay (State Bar No. 250548)
DanielShay@SanDiegoBankruptcyNow.com
**LAW OFFICES OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

Steven E. Kaftal (State Bar No. 248381)
Steve@Kaftal.com
**LAW OFFICES OF STEVEN E. KAFTAL**
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 786-7838
Facsimile:  (866) 431-3292

Attorneys for Plaintiff Stanley Jones

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY JONES, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>NORTHLAND GROUP, INC., a Minnesota Corporation,<br><br>        Defendant. | CASE NO.  '12CV2955 H    JMA<br><br>**CLASS ACTION**<br><br>**Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.      Stanley Jones ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant

1

**Class Action Complaint for Damages**

1   Northland Group, Inc. ("NGI") and its present, former, or future direct and indirect parent
2   companies, subsidiaries, affiliates, agents, and/or related entities (collectively "Defendants"),
3   in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without
4   his prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §
5   227 *et seq.*, ("TCPA").  Plaintiff alleges as follows upon personal knowledge as to himself
6   and his own acts and experiences, and, as to all other matters, upon information and belief,
7   including investigation conducted by his attorneys.

8                                                 JURISDICTION AND VENUE

9   2.   Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class,
10       which will result in at least one class member belonging to a different state than that of
11       Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages
12       for each call in violation of the TCPA, which, when aggregated among a proposed class
13       numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars)
14       threshold for federal court jurisdiction under the Class Action Fairness Act of 2005
15       ("CAFA").  Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are
16       present.

17  3.   Venue is proper in the United States District Court for the Southern District of California
18       pursuant to 18 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in
19       any judicial district in which they are subject to personal jurisdiction at the time the action is
20       commenced, and because Defendant's contacts with this District are sufficient to subject them
21       to personal jurisdiction.  Venue is also proper in this District because Plaintiff has resided in
22       this District at all times relevant to these claims such that a substantial part of the events
23       giving rise to Plaintiff's causes of action against Defendant occurred within  this judicial
24       district.

25                                                        PARTIES

26  4.   Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of
27       California, County of San Diego, in this judicial district.  Plaintiff is, and at all times
28       mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

                                                            2
**Class Action Complaint for Damages**

5.   Plaintiff is informed and believed, and thereon alleges, that Defendant NGI is, and at all times mentioned herein was, incorporated in Minnesota, making the Defendant a citizen of Minnesota for diversity purposes.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.  The Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (32).  Defendant NGI attempts to collect debts by making calls to cellular phones.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

6.   In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.   The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8.   According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

9.   On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

**Class Action Complaint for Damages**

creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

### FACTUAL ALLEGATIONS

10.   At all times relevant, Plaintiff was a citizen of the State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

11.   Defendant is, and at all times mentioned herein was, an entity that meets the definition of "person," as defined by 47 U.S.C. § 153 (32).

12.   At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

13.   Plaintiff had a credit card that was serviced by Defendant NGI.

14.   Plaintiff did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt being serviced by Defendant NGI, nor did he verbally provide NGI with a cellular phone number at any time during the transaction that resulted in the debt owed to NGI.  Plaintiff did not give Defendant prior express consent to call Plaintiff on his cellular telephone with the use of an autodialer and/or prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

15.   On numerous occasions Plaintiff explicitly instructed Defendant NGI not to call him on his cell phone.

16.   On information and belief Defendant obtained Plaintiff's cellular telephone number from a third party, or by "trapping" such number, i.e., making a record of him cell phone number using caller identification technology, but did not receive that number from Plaintiff.

17.   Notwithstanding the fact Plaintiff did not provide Defendant with him cellular number at any time during the transaction that resulted in the debt owed, Defendant, or their agents, have

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

**Class Action Complaint for Damages**

called Plaintiff on his cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.    Such calls were by prerecorded voice message and were made several times per week, beginning no later than 2012.

19.    The telephone number Defendants and/or their agents called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

20.    These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

21.    These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1).

22.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

### CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

24.    Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone call from Defendant or their agents to said person's cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent during the transaction that resulted in the debt owed, within the four years prior to the filing of the Complaint in this action.

25.    Excluded from the Class are Defendant and any entities in which Defendant have a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

5

**Class Action Complaint for Damages**

26. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

27. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer and/or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified through Defendant's records or Defendant's agents' records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

    A.    Whether, within the four years prior to the filing of this Complaint, Defendant and/or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number

**Class Action Complaint for Damages**

assigned to a cellular telephone service;

      B.     Whether Defendant can meet its burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

      C.     Whether Defendant's conduct was knowing and/or willful;

      D.     Whether Defendant is liable for damages, and the extent of statutory damages for such violation; and

      E.     Whether Defendant should be enjoined from engaging in such conduct in the future.

31.    As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

32.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34.    A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendant has acted

**Class Action Complaint for Damages**

on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

38.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

39.     Plaintiff incorporates by reference the above paragraphs 1 through 34, inclusive, of this Complaint as though fully stated herein.

40.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

41.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**Class Action Complaint for Damages**

43.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

**Class Action Complaint for Damages**

1     •     An order certifying this action to be a proper class action pursuant to Federal Rule of

2     Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court

3     deems appropriate, finding that Plaintiff is a proper representative of the Class, and

4     appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

5     •     Any other relief the Court may deem just and proper.

6                               **TRIAL BY JURY**

8     Pursuant to the seventh amendment to the Constitution of the United States of America,

9 Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

10 Date: December 11, 2012     LAW OFFICES OF DOUGLAS J. CAMPION

11                                   By: /s/ Douglas J. Campion

12                                   Douglas J. Campion

Doug@DJCampion.com

13                                   409 Camino Del Rio South, Suite 303

14                                   San Diego, CA  92108

Telephone: (619) 299-2091

15                                   Facsimile:  (619) 858-0034

16 Date: December 11, 2012     LAW OFFICES OF DANIEL G. SHAY

17                                   By: /s/ Daniel G. Shay

18                                   Daniel G. Shay

DanShay@SDBKN.com

19                                   409 Camino Del Rio South, Suite 101B

20                                   San Diego, CA  92108

Telephone: (619) 222-7429

21                                   Facsimile:  (866) 431-3292

22 Date: December 11, 2012     LAW OFFICES OF STEVEN E. KAFTAL

23                                   By: /s/ Steven E. Kaftal

24                                   Steven E. Kaftal

Steve@Kaftal.com

25                                   409 Camino Del Rio South, Suite 101B

San Diego, CA  92108

26                                   Telephone: (619) 786-7838

Facsimile:  (866) 431-3292

27                                   Attorneys for Plaintiff

28

**Class Action Complaint for Damages**